10-4600-ag
NLRB v. Snell Island SNF LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of December, two thousand eleven.

Present:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
>
> *Circuit Judges*.

---

NATIONAL LABOR RELATIONS BOARD,

> *Petitioner*,

> v.                          No. 10-4600-ag

SNELL ISLAND SNF LLC, d/b/a SHORE ACRES REHABILITATION AND NURSING CENTER, LLC, d/b/a CAMBRIDGE QUALITY CARE, LLC,

> *Respondent*.

---

For Petitioners:      ROBERT J. ENGLEHART (David A. Seid, *on the brief*), National Labor Relations Board, Washington, D.C.

For Respondent:      CHARLES PREYER ROBERTS, III, Constangy, Brooks & Smith, LLP, Winston-Salem, N.C. (Clifford H. Nelson, Jr., Constangy, Brooks & Smith, LLP, Atlanta, Ga., *on the brief*)

Application for enforcement of a decision and order of the National Labor Relations Board.

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the application for enforcement is **GRANTED**.

Petitioner the National Labor Relations Board (the "Board") petitions to enforce a final Board order issued against Snell Island SNF LLC d/b/a Shore Acres Rehabilitation and Nursing Center, LLC ("Shore Acres") and HGOP, LLC d/b/a Cambridge Quality Care, LLC ("HGOP") (collectively "the Company") concluding that the Company violated Section 8(a)(5) and (1) of the National Labor Relations Act (the "Act"), 29 U.S.C. §§ 151, 158(a)(5) and (1), by failing to recognize and bargain with the United Food & Commercial Workers Union, Local 1625 ("the Union"). In response to the Board's application, the Company argues that the Board (1) abused its discretion by certifying the Union without interviewing witnesses or conducting an evidentiary hearing; and (2) denied the Company due process by its hasty "rubber stamping" its prior decision, which had been issued by an invalid two-member panel, following remand by this Court. We assume the parties' familiarity with the facts and procedural history of this case.

"We must enforce the Board's order if the Board's legal conclusions have a reasonable basis in law, and if its factual findings are supported by substantial evidence on the record as a whole." *NLRB v. Windsor Castle Health Care Facilities, Inc.*, 13 F.3d 619, 623 (2d Cir. 1994) (internal citation omitted). "Deference is given to the NLRB's decision, and all reasonable inferences are drawn in its favor." *Lihli Fashions Corp. v. NLRB*, 80 F.3d 743, 747 (2d Cir. 1996) (per curiam).

We begin with the Company's contention that the Board abused its discretion by overruling the Company's objections to the contested election without a hearing and concluding that the Company violated Section 8(a)(5) and (1) of the Act. We addressed this precise

2

argument in our previous decision in this case, *Snell Island SNF LLC v. NLRB*, 568 F.3d 410 (2d

Cir. 2009), *abrogated on other grounds by New Process Steel, L.P. v. NLRB*, 130 S. Ct. 2635

(2010). There, we held that the Board's regional director did not err in recommending that the

Company's objections be overruled without a hearing and that the Union be certified as the

employees' bargaining representative.

> In the instant case, petitioners were afforded an opportunity to submit "[a]ffidavits, signed statements, documents or other appropriate material which constitutes prima facie evidence of each of the filed objections" to the NLRB regional director. J.A. 28. The regional director reviewed petitioners' proffered evidence, including a letter from petitioners stating that at least two employees would testify that several co-workers told them prior to the union election that "if they were going to vote 'No' it would be best for them not to vote at all," J.A. 40 (Report on Objections to [the] Election and Recommendations to the Board, Jan. 18, 2008, at 4.). The regional director found that these submissions were, at best, hearsay statements by management that employees had asserted complaints about a general atmosphere of union intimidation. In light of this finding, the regional director concluded that the evidence did not support petitioners' objections because second- or third-hand allegations of intimidation, without specific allegations of voter coercion or other misconduct, could not constitute an unfair labor practice. *See, e.g.*, *NLRB v. Basic Wire Prods., Inc.*, 516 F.2d 261, 264 (6th Cir. 1975) (stating that the NLRB "properly refused to invalidate the election or to hold a hearing on the allegations" of election abuses where "[t]he only evidence proffered by [employer] was an affidavit of its Vice President to the effect that 'union people' told several employees 'that it would pay to support the Union'"). We agree. Petitioners did not "demonstrate by *prima facie* evidence the existence of substantial and material factual issues," [*NLRB v. Semco Printing Ctr., Inc.*, 721 F.2d 886, 891 (2d Cir. 1983)] (internal quotation marks omitted). Accordingly, we detect no error in the regional director's decision to forgo a hearing in this case.

*Id.* at 425 (some alterations in original). Neither the underlying facts nor the applicable legal

standards have changed since we issued our opinion in 2009. Accordingly, we hereby reaffirm

our prior decision and conclude that the Board did not abuse its discretion by declining to

conduct an evidentiary hearing in this case.

We next consider whether the Board's actions in this case denied the Company due

process. By way of brief background, the instant petition stems from an election held on

December 12, 2007 in which employees of the Company voted in favor of representation by the Union. *Snell Island*, 568 F.3d at 413. After a two-member panel of the Board certified the Union, the Company continued to refuse to recognize and bargain with the Union, and, as a result, the Union filed an unfair labor practices charge. *Id.* On July 18, 2008, the two-member panel issued a Decision and Order concluding that petitioners had engaged in unfair labor practices by refusing to negotiate with the Union. *Id.* at 414. The Board's Decision and Order was upheld by this Court its June 17, 2009 decision. The Company then successfully appealed to the Supreme Court, which held in *New Process Steel, L.P. v. NLRB*, 130 S. Ct. 2635 (2010), that the two-member Board lacked the power to issue decisions. The Supreme Court granted certiorari and remanded in light of *New Process*, and we then remanded the case to the Board on August 25, 2010. Two days later, a three-member panel convened to reconsider the case certifying the Union representation and issued a notice to show cause as to why the Board should not grant summary judgment. J.A. 93-94. After first noting that the two-member decision would not be given "preclusive effect," *Snell Island*, 355 N.L.R.B. No. 143 (2010), the Board adopted the findings and recommendations of its prior decision, which it incorporated by reference. It granted leave for either party to amend the complaint to line with the current sate of the evidence and issued a notice to show cause as to why the Board should not grant summary judgment. On November 9, 2010, after the regional director issued an amended complaint and the Company filed its answer, the three-member panel granted summary judgment and concluded that the Company had violated Section 8(a)(5) and (1) of the Act. *See* J.A. 95-108, 118-19. The Board directed the Company to bargain and filed its petition for enforcement in this Court the same day it issued its decision. Against this background, the Company now argues that the Board's failure

4

to reconsider the matter "afresh" amounted to a "hasty rubber stamping of its prior decision constituted a denial of due process." Resp't Br. 14 (capitalization removed).

We do not reach the merits of the Company's due process argument, however, because we lack jurisdiction to consider an issue raised for the first time on appeal. Section 10(e) of the Act provides, in relevant part, that "[n]o objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." 29 U.S.C. § 160(e). *See also Woelke & Romero Framing, Inc. v. NLRB*, 456 U.S. 645, 666 (1982) ("[T]he Court of Appeals lacks jurisdiction to review objections that were not urged before the Board . . . ."). "Extraordinary circumstances" excusing a failure to raise an objection "exist only if there has been some occurrence or decision that prevented a matter which should have been presented to the Board from having been presented at the proper time." *NLRB v. Allied Prods., Corp.*, 548 F.2d 644, 654 (6th Cir. 1977). No such circumstances exist in this case because the Company could have raised its due process arguments before the Board by moving for a rehearing. *See id.* ("[B]ecause of the availability of a rehearing before the Board, the Board's sua sponte adoption of the status quo ante remedy is not a statutory extraordinary circumstance."); *Woelke & Romero Framing, Inc.*, 456 U.S. at 666 ("Woelke could have objected to the Board's decision in a petition for reconsideration or rehearing. The failure to do so prevents consideration of the question by the courts."). Accordingly, we conclude that the Company has forfeited its due process challenge.[1]

---

[1] Our conclusion in this regard accords with a recent D.C. Circuit decision in a similar case:

> Nor do we reach the Hospital's argument that the Board failed to engage in "reasoned decisionmaking"—as the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq.*, requires of Board decisions, *Allentown Mack Sales & Serv., Inc. v. NLRB*, 522 U.S. 359,

We have considered the Company's remaining arguments and find them to be without merit. For the reasons stated herein, the Board's application for enforcement is **GRANTED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

374, 118 S. Ct. 818, 139 L. Ed. 2d 797 (1998) – when the three-member panel of the Board summarily adopted the vacated April 29, 2009 decision and order. Whatever the merits of the Hospital's claim, section 10(e) prevents us from considering the argument raised for the first time on appeal. *See* 29 U.S.C. § 160(e) ("No objection that has not been urged before the Board . . . shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances."). The fact that the Board filed an application for enforcement in the Second Circuit just one day after adopting the decision and order does not constitute an "extraordinary circumstance[]," as the Hospital contends, because the Hospital still had up to twenty-eight days to move for reconsideration before the Board, 29 C.F.R. § 102.48(d)(2), and the Board's overlapping jurisdiction remained intact so long as the record had not been filed in the Second Circuit, 29 U.S.C. § 160(d), (e). Nor did the Hospital's motion for reconsideration of the Board's original April 29, 2009 decision and order, . . . raise the same objection the Hospital presses now—that the Board took an "impermissible shortcut" by summarily adopting the vacated decision and order. Pet'r's Br. 32. Accordingly, the Hospital has forfeited its APA challenge.

*N.Y. & Presbyterian Hosp. v. NLRB*, 649 F.3d 723, 733 (D.C. Cir. 2011) (alteration in original).